Per Curiam.

Under the Professional Major Hospital and Nurse Expense Policy before us, defendant agreed to pay 80% of the covered expenses incurred during- the benefit period in excess of $500 — ‘ ‘ the applicable deductible * * * as the result of any one accident or sickness ”. Part II of the policy provides that at the end of any period of three consecutive months during which the covered expenses are less than $50, recovery from an injury or sickness “shall be presumed ”. Part III of the policy provides that successive disablements from an injury or sickness “ shall be considered as resulting from one accident or sickness” unless the disablements are separated by a period of three consecutive months during which the covered expenses are less than $50. We find the provisions of Part II and Part III ambiguous. As such they must be construed most strongly against defendant.
We read Part III to provide, for the benefit of the insured, that successive disablements are to be deemed resulting from one sickness — thus calling for only one deduction of $500 — if the disablements take place within a period of three months. If more than three months separate the disablements, recovery is ‘ ‘ presumed ’ ’ but not conclusively established; and the insured is put to his proof to show that he had not in fact recovered during this period.
If the presumption was intended to be conclusive, or if successive disablements separated by a period of three months are to be considered as resulting from more than one sickness, defendant could easily have so stated in plain language. Since the facts are not in dispute and the record shows that plaintiff’s assignor was hospitalized twice as a result of the same sickness, defendant was not entitled to deduct $500 from the second hospital bill.
Order granting defendant summary judgment should be reversed, with $10 costs; defendant’s cross motion for summary judgment denied, and plaintiff’s motion for summary judgment granted.